NO. 12-01-00058-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


 MICHAEL MIEARS, § APPEAL FROM THE 114TH

APPELLANT



 § JUDICIAL DISTRICT COURT OF 



THE STATE OF TEXAS,

APPELLEE § SMITH COUNTY, TEXAS







PER CURIAM

 Michael Miears ("Appellant") appeals the revocation of his probation and the trial court's
assessment of punishment at imprisonment for seven years. Appellant's counsel filed a brief in
compliance with Anders v. California, 386 U.S. 738 (1967) and Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969). We affirm.


Background

 On August 11, 1997, Appellant entered a plea of guilty to the allegation of burglary of a
habitation. Appellant and his counsel signed all waivers, admonishments, and a written stipulation
of evidence, in which Appellant swore that all elements pleaded in the indictment were true. The
trial court explained to Appellant deferred adjudicated probation, particularly that, if violation of
probation terms were proven, Appellant would be subject to the full range of punishment for the
crime for which Appellant was convicted. However, the court did not assess a deferred adjudicated
sentence, but rather sentenced Appellant to imprisonment for ten years and fined Appellant
$5,000.00. The trial court noted that Appellant had never before been sentenced to imprisonment
and was therefore eligible for "shock" probation. Appellant elected to accept the trial court's
sentence and waived all of his rights relating to appeal. The trial court retained its jurisdiction in the
case and Appellant returned for a shock probation hearing on October 24, 1997. Appellant was
granted shock probation and the unserved portion of his ten-year sentence was probated for a period
of ten years. Appellant was provided with a copy of the trial court's terms and conditions of
probation and signed them.

 On December 10, 1998, the State of Texas (the "State") filed an application to revoke
community supervision alleging that Appellant had violated one or more of the terms and conditions
of his probation. A hearing on the State's application was held on December 18, 1998, but
Appellant's probation was not revoked. However, the terms and conditions of Appellant's probation
were modified.

 On December 6, 2000, the State filed another application to revoke community supervision
alleging that Appellant had violated one or more of the terms and conditions of his probation. A
hearing was held on January 19, 2001 and Appellant pleaded true, in most instances, to the State's
allegations that he had violated multiple terms and conditions of his probation. After argument of
counsel, the trial court found all paragraphs in the State's application to be true, revoked Appellant's
probation, and assessed Appellant's punishment at imprisonment for seven years. The trial court
entered its judgment on January 23, 2001. Appellant filed a pro se notice of appeal on January 24,
2001.


Analysis Pursuant to Anders v. California

 Appellant's counsel filed a brief in compliance with Anders v. California, 386 U.S. 738
(1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969), stating that he has diligently
reviewed the appellate record and is of the opinion that the record reflects no reversible error and that
there is no error upon which an appeal can be predicated. He further relates that he is well-acquainted with the facts in this case. In compliance with Anders, Gainous, and High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978), Appellant's brief presents a chronological summation of the
procedural history of the case, and a discussion of the hearing on adjudication, and further states that
Appellant's counsel is unable to raise any arguable issues for appeal. (1) We have likewise reviewed
the record for reversible error and have found none.

 As required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's
counsel has moved for leave to withdraw. We carried the motion for consideration with the merits
of the appeal. Having done so and finding no reversible error, Appellant's counsel's motion for
leave to withdraw is hereby granted and the trial court's order revoking appellant's probation is
affirmed.


Opinion delivered January 30, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.
















( DO NOT PUBLISH)
1. Counsel for Appellant provided Appellant with a copy of this brief and Appellant was given time to file
his own brief in this cause. The time for filing such a brief has expired and we have received no pro se brief.